IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

VICKIE LOUISE MCCORD )
)
v. ) NO. 3:09-0216
) JUDGE CAMPBELL
CARMEN MCCORD )

MEMORANDUM

Plaintiff filed this action asking the Court to declare that she is the owner of the proceeds of a certain life insurance policy issued by Unicare Life & Health Insurance Company, Inc.("Unicare") on the life of Thomas Dale McCord, deceased. The parties agreed that this action could be decided based upon their stipulation of facts and briefs. Docket No. 18.

For the reasons stated herein, the Court finds that Plaintiff Vickie Louise McCord is the owner of the proceeds of the subject life insurance policy.

This action relates to a Group Life Insurance Policy ("the Policy") issued by Unicare on the life of Thomas Dale McCord. The Policy was issued through Mr. McCord's employer, Ford Motor Company, and is an Employee Welfare Benefit Plan governed by the Employee Retirement Income Security Act ("ERISA").

Plaintiff Vickie McCord was married to Thomas Dale McCord from July 1969 until their divorce in 1996. During their marriage, Thomas McCord was an employee of Ford Motor Company and a participant in the employee benefit plan provided by his employer, including the Policy. Plaintiff Vickie McCord was designated beneficiary of the Policy during the time of their marriage.

Plaintiff and Thomas McCord were divorced by Final Decree of the Chancery Court of Dickson County, Tennessee, on January 29, 1996. Thomas McCord married Defendant Carmen

McCord sometime after the dissolution of his marriage to Plaintiff, but the designated beneficiary on the Policy was not changed. At the time of his death in June of 2008, Thomas McCord was married to Carmen McCord and Vickie McCord was the named beneficiary of the Policy.

The Policy provided that Mr. McCord could change the beneficiary at any time. Docket No. 1-1, p.21. To do so, however, he was required to give written notice to the insurer, which he never did. The Final Decree of Divorce of Thomas and Vickie McCord does not specifically mention the Policy or life insurance proceeds at all. Docket No. 1-2. It does contain language stating that each party waives and relinquishes to the other all rights and claims which each may have to the other's property. *Id*.

ERISA provides that federal law shall supersede all state laws which relate to an ERISA plan. 29 U.S.C. § 1144(a). In addition, the plan administrator must discharge his duties in accordance with the documents and instruments governing the plan. *Id*. The plan documents, in this case, control. *See McMillan v. Parrott*, 913 F.2d 310, 312 (6th Cir. 1990). The law in the Sixth Circuit is clear that the beneficiary card controls whom the plan administrator must pay. *Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 677 (6th Cir. 2000).

In *McMillan*, the court considered essentially the same question facing the Court herein: whether under the provisions of ERISA the former spouse of a decedent waived her interest as designated beneficiary by reason of a broad waiver of rights in the couple's divorce decree. As in *McMillan*, the Court must find that she did not. *See also Kennedy v. Plan Administrator for DuPont Savings and Investment Plan*, 126 S.Ct. 865 (2009) and *Metropolitan Life Ins. Co. v. Pressley*, 82 F.3d 126 (6th Cir. 1996).

The Sixth Circuit has recognized an exception to ERISA's preemption of state divorce decrees for qualified domestic relations orders ("ODROs"). *Howell*, 227 F.3d at 677. In order to qualify as an ODRO, however, the state court order must meet specific requirements set forth in 29 U.S.C. § 1056(d)(3). Those requirements include clear specification of the name and last known address of the participant and each alternate payee; the amount or percentage of the participant's benefits to be paid by the plan to each alternate payee or the manner in which such amount or percentage is to be determined; the number of payments or period to which such order applies; and each plan to which such order applies. *Id.*

The Final Decree of Divorce herein does not meet these requirements. The Decree does not even mention an ERISA or life insurance plan. It does not include the participant's address or the alternate payee's name or address, the amount or percentage of the benefits to be paid by the plan, the number of payments or duration thereof, or the name of the plan. This state court order does not qualify as a ODRO under ERISA.

Thomas McCord designated Vickie McCord as beneficiary of the Policy while they were married and never altered that designation in the manner prescribed by the Policy. Thus, under federal law, as indicated above, Vickie McCord is the proper beneficiary of the Policy.

IT IS SO ORDERED.

                                                   *Todd Campbell*
                                               TODD J. CAMPBELL
                                               UNITED STATES DISTRICT JUDGE